## WOODS, Housing Expediter, v. RHODES.
### Civ. A. No. 994.

United States District Court
M. D. Tennessee, Nashville Division.

April 7, 1950.

John W. Crenshaw, Chief, Rent Litigation Section, Office of Housing Expediter, Atlanta, for plaintiff.

C. Vernon Hines, Nashville, Tenn., for defendant.

DAVIES, District Judge.

This cause came on for hearing before the Court on July 25, 1949.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court

enters its findings of fact and conclusions of law, as follows:

## Findings of Fact

1. That the defendant G. T. Rhodes was, at all times material hereto, landlord in relation to housing accommodations located at 1414 Wheeless Street, Nashville, Tennessee.

2. That the defendant did demand and receive from Buford H. Bell, tenant occupying three rooms on the west side of the garage apartment of the housing accommodations located at 1414 Wheeless Street, Nashvillle, Tennessee, the sum of $98 in excess of the legal maximum rent prescribed.

3. That the Court on hearing evidence and introduction of receipts finds that the tenant is entitled to receive only the sum of $63.

4. That the defendant did demand and receive from Leon Sharbor, tenant occupying the east side of the garage apartment of housing accommodations located at 1414 Wheeless Street, Nashville, Tennessee, the sum of $36 in excess of the legal maximum rent prescribed.

5. That the Court on hearing evidence and introduction of receipts finds that the tenant is entitled to receive only the sum of $30.

6. That the defendant has not refunded to tenants named in the complaint any part or any sum collected in excess of the legal maximum rent for the use and occupancy of the aforesaid housing accommodations.

## Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action.

2. That the defendant, in violation of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and Regulations issued pursuant thereto, collected from Buford H. Bell, tenant, $63 in excess of the legal maximum rent established and prescribed by said Act and Regulations during the period October 9, 1947, to October 1, 1948.

3. That the defendant, in violation of the Housing and Rent Act of 1947, as amended, and Regulations issued pursuant thereto, collected from Leon Sharbor, tenant, $30 in excess of the legal maximum rent established and prescribed by said Act and Regulations during the period June 1, 1948, to October 1, 1948.

4. Plaintiff is further entitled to a permanent injunction against defendant, restraining him, his agents, servants, employees, or any one acting directly or indirectly with him from further violation of the said Act and Regulations, and a judgment against her for the court costs.

Judgment accordingly.